CARTER, MACDONALD & MILLER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12954.    Promulgated December 4, 1928.

*Andrew G. Elder, Esq.*, and *Joseph Nicvinski, Esq.*, for the petitioner.

*George Witter, Esq.*, and *W. F. Wattles, Esq.*, for the respondent.

526

OPINION.

MILLIKEN: Petitioner filed a return for 1920 and claimed classification as a personal service corporation. Respondent refused to allow such classification and determined the deficiency. The correctness of respondent's ruling is the only question presented for decision.

Section 200, Revenue Act of 1918, defines a personal service corporation to be " a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor." The court in the case of *Fuller & Smith* v. *Routzahn*, 23 Fed. (2d) 959, commented on the purpose of section 200 as follows:

The law was directed at absentee stock ownership. If the service rendered is in the nature of personal service and is rendered by the owners of the business, the law intended a separate classification for income and excess-profits taxes. It was intended to give corporations performing services of this nature and in this manner the same tax position as a partnership.

The dominant purpose was to distinguish between corporations engaged in trade, merchandising, and manufacturing, in which much capital is required and without which profits may not be earned, and corporations performing personal services in which large capital is not usually required or necessary to its efficient conduct. The discrimination is between income earned by capital and income earned by personal effort. The specific limitations in Section 200 were inserted in aid of this dominant purpose and to prevent evasion. They should not be stressed to the point of destroying the major purpose of the law.

The evidence clearly establishes that all of the stockholders of the petitioner were regularly engaged in the active conduct of its affairs and in our opinion its income is to be ascribed primarily to their activities. They were men of experience, responsibility, and of good repute. Three of them had been at the head of similar firms for many years and had accumulated large listings of property, customers, and clients because of their personalities or satisfactory service rendered. During the taxable year they were constantly engaged in petitioner's affairs and all of its transactions were carried on by them or under their direct supervision.

The law does not require that the principal stockholders should personally perform all the various functions included in the service performed, and the employment of clerks, stenographers, salesmen

and others to perform detail duties does not deprive a corporation of the right to personal service classification. Thus in *Alexander & Garrett* v. *United States*, 21 Fed. (2d) 547, the plaintiff corporation was engaged in soliciting and writing fire insurance, renting and selling real estate as agent of the owners, negotiating loans between borrowers and lenders, and appraisements. Frequently there was money on hand which had not been remitted to owners, and settlements with insurance companies were frequently delayed 60 days. At certain seasons of the year, taxes were advanced for customers. There were a number of employees. Personal service classification was allowed. See also *Belkins Household Shipping Co.*, 13 B. T. A. 353; *F. Merges & Co.*, 11 B. T. A. 444; *New Orleans Shipwright Co., Ltd.* v. *Commissioner*, 27 Fed. (2d) 214; *North American Railway Construction Co.*, 27 Fed. (2d) 493. Petitioner had nothing to sell except its services and the evidence overwhelmingly establishes that petitioner was doing only an agency business. Such capital as it used was not a material income-producing factor. Such capital as was employed was used only incidentally to the real business of the plaintiff. It produced no income of any moment and was not used or intended to be used for profit. Its use was occasional and as an accommodation to its customers and under such circumstances such use does not deprive it of the right to personal service classification.

At stated periods during the year petitioner would pay the real estate taxes for various of its clients whose buildings it managed. This was a gratuitous act not called for by the terms of its employment. It borrowed sums to do so for a few days until it could bill the owner of the property and secure reimbursement. Such voluntary act was not necessary to procure the business or to hold the same. In all instances where it paid taxes it was shown that the owner of the buildings for whom the taxes were paid was solvent and a request of petitioner that such taxes be paid would have resulted in immediate payment.

It is also true that in some few instances petitioner advanced to the insurance company premiums due on policies written where the insured had not paid the premium within the 60-day period. This was not a settled or well defined policy of the petitioner and when the insured did not pay the premium promptly after having been notified the policy was canceled by petitioner and the underwriter charged back with the return premium. In fact the insurance department commissions account shows a large part of same as commissions on return premiums on policies canceled.

Respondent has also called our attention to $2,099.70 as interest received. This amount is a very small per cent of the gross income

for the year, and when further reduced by the interest paid is considerably less. We have set forth the circumstances under which the interest charges were incurred. We think the interest item is so insignificant when compared with the total gross income that it can not be regarded as material.

Counsel for petitioner has cited to us many decisions of the court and Board regarding the law in personal service cases. We can not attempt a reconciliation of all the decisions and a weighing in the balance of the facts in each case that have caused the scales to tip for or against. Each case must be considered and judged on its own facts and what may be a decisive factor in one case is rendered the reverse in another in comparison with its own peculiar facts.

The petitioner is entitled to a personal service classification.

*Judgment of no deficiency will be entered for petitioner.*